IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEMO CAY RESORT TOWNHOME ASSOCIATION, INC. <br> *Plaintiff,* <br><br> v. <br><br> UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CONTRACT CTW001033, SAFETY SPECIALTY INSURANCE COMPANY SUBSCRIBING TO CONTRACT CTW001033, ROCKHILL INSURANCE COMPANY SUBSCRIBING TO CONTRACT CTW001033, and KEVIN MCBRIDE <br> *Defendants.* | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:19-cv-386 |

## **NOTICE OF REMOVAL**

Defendant Rockhill Insurance Company Subscribing to Contract CTW001033 ("Rockhill"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Nemo Cay Resort Townhome Association, Inc. v. Underwriters at Lloyd's, London Subscribing to Contract CTW001033, Safety Specialty Insurance Company Subscribing to Contract CTW001033, Rockhill Insurance Company Subscribing to Contract CTW001033, and Kevin McBride*; Cause No. 2019DCV-5479-G; In the 319th Judicial District of Nueces County, Texas.

## I.
## BACKGROUND

1. Plaintiff Nemo Cay Resort Townhome Association, Inc. (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2019DCV-5479-G; 319th

Judicial District of Nueces County, Texas on November 1, 2019 (the "State Court Action").[1] On November 19, 2019, Plaintiff filed an amended petition titled "Plaintiff's First Amended Original Petition."[2]

2. Rockhill appeared and answered on December 13, 2019, asserting a general denial to the claims and allegations made in Plaintiff's First Amended Original Petition.[3]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Rockhill in the State Court Action are incorporated in **Exhibits A and B**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action docket sheet is attached as **Exhibit D.**

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Rockhill will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 319th Judicial District Court of Nueces County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Rockhill of Plaintiff's First Amended Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000

---

[1] Exhibit A, Plaintiff's Original Petition.

[2] Exhibit B, Plaintiff's First Amended Original Petition with Citation.

[3] Exhibit C, Rockhill's Original Answer.

exclusive of interest and costs. "To determine whether jurisdiction is present for removal, the court considers the claims in the state-court petition as they existed at the time of removal."[4] As explained below, the facts presently existing establish that removal is proper in this case because the parties are completely diverse and the amount in controversy exceeds $75,000.

**A.    Diversity of Parties**

8.      Plaintiff Nemo Cay Resort Townhome Association is a domestic non-profit corporation that is incorporated and maintains its principal place of business in the State of Texas.[5] Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Plaintiff is a citizen of the State of Texas.

9.      Defendant Underwriters at Lloyd's London Subscribing to Contract CTW001033 ("Underwriters") is an unincorporated association.[6] For purposes of establishing diversity jurisdiction, an unincorporated association is considered to have the citizenship of its underwriters.[7] Upon information and belief, none of the Underwriters at Lloyd's London Subscribing to Contract CTW001033 are citizens of Texas. As of the time of this filing, Underwriters have not been served or appeared in this lawsuit, and therefore, their consent to this Removal is not required.[8]

10.     Defendant Safety Specialty Insurance Company Subscribing to Contract CTW001033 ("Safety Specialty") is organized under the laws of Missouri and maintains its principal

---

[4]    *Mangumo v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5]    *See* Exhibit B, Plaintiff's First Amended Original Petition, at ¶ 2; *see also La Mirage Homeowners Ass'n v. Colony Ins. Co.*, No. 2:18-CV-283, 2018 U.S. Dist. LEXIS 212133, at *2 (S.D. Tex. Dec. 17, 2018) (finding plaintiff, as a non-profit corporation, was a citizen of the state of its incorporation and in which it maintained a principal place of business for purposes of removal).

[6]    *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 U.S. Dist. LEXIS 88964, at **6-7 (S.D. Tex. Oct. 10, 2008).

[7]    *Alcorn v. State Farm Lloyds*, No. 98-CV-0772-BC, 1998 U.S. Dist. LEXIS, at *4 (N.D. Tex. Oct. 23, 1998) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990)).

[8]    28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of this action"); *see also Pelagidis v. Future Care, Inc.*, No. H-17-3798, 2018 U.S. Dist. LEXIS 82858, at **11-12 (S.D. Tex. May 15, 2018).

place of business in Missouri. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Safety Specialty is a citizen of the State of Missouri. As of the time of this filing, Safety Specialty Insurance Company has not been served or appeared in this lawsuit, and therefore, its consent to this Removal is not required.[9]

11. Rockhill Insurance Company is organized under the laws of Arizona and maintains its principal place of business in Missouri. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Rockhill is a citizen of Arizona and Missouri.

12. Defendant Kevin Patrick McBride, who was involved in the adjustment of Plaintiff's claim, resides in the State of Ohio and is a citizen of the State of Ohio.[10]

13. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

14. It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in

---

[9] 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of this action"); *see also Pelagidis*, 2018 U.S. Dist. LEXIS 82858, at **11-12.

[10] Plaintiff's citation to Kevin McBride provides a service address of "300 Crescent Circle, Suite 600, Dallas, Texas 75201." *See* Exhibit E, Citation to Kevin McBride. This service address is the business address of Stephens Insurance and its senior vice president of executive risk, Kevin Lee McBride. To the extent Plaintiff intended to sue Kevin Lee McBride, his citizenship should be disregarded because he has been improperly joined to this action. Neither Kevin Lee McBride nor Stephens Insurance had any involvement whatsoever in the insurance claim at issue in this lawsuit. In addition, to the extent Plaintiff intended to sue Kevin Lee McBride, his joinder in this removal is not necessary because he is not a properly joined party. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003) (holding that in cases involving allegations of improper joinder, the requirement of obtaining consent of all defendants for removal would be nonsensical since removal in those cases was based on the contention that no other proper defendant exists). Plaintiff intended to file suit against Kevin Patrick McBride, who adjusted Plaintiff's claim at issue in this case. Kevin Patrick McBride is a resident of Ohio.

the initial pleading shall be deemed to be the amount in controversy."[11] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[12] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[13] Here, Plaintiff seeks "monetary relief over $1,000,000."[14] Plaintiff further seeks compensation for (1) actual damages, (2) consequential damages, (3) treble damages, (4) exemplary damages; (5) attorney's fees; and (6) pre- and post-judgment interest.[15] Therefore, it is facially apparent from Plaintiff's Original Petition that the amount in controversy plainly exceeds $75,000 exclusive of interest and costs.

15. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

16. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

17. WHEREFORE, Defendant Rockhill Insurance Company hereby provides notice that this action is duly removed.

---

[11] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[12] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[13] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[14] Exhibit B, Plaintiff's First Amended Original Petition, at ¶ 7.

[15] *Id.* at § N. Prayer.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEY-IN-CHARGE FOR DEFENDANT ROCKHILL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument has been served via CMRRR this the 19th day of December, 2019 to:

| | |
|---|---|
| Craig M. Saucier<br>Saucier & Smaistrla, PLLC<br>1045 Cheever Blvd., Suite 103<br>San Antonio, Texas 78216<br>craig@s2lawfirm.com | *# 9414 7266 9904 9586 31* |
| Douglas E. Pennebaker<br>Pennebaker Law Firm<br>1045 Cheever Blvd., Suite 103<br>San Antonio, Texas 78216<br>doug@pennebakerlaw.com | *# 9414 7266 9904 9586 24* |
| Austin W. Anderson<br>Anderson Alexander, PLLC<br>819 N. Upper Broadway<br>Corpus Christi, Texas 78401<br>austin@a2xlaw.com | *# 9414 7266 9904 9586 17* |

               */s/ Patrick M. Kemp*
               Patrick M. Kemp