# Exhibit B

**Citation for Personal Service – Commissioner of Insurance**

Case Number: 2019DCV-5479-G

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: **Rockhill Insurance Company 700 W. 47th Street, Suite 350, Kansas City, MO 64112**

the Defendant by serving in **DUPLICATE** copies to the COMMISSIONER OF INSURANCE, 333 GUADALUPE, AUSTIN, TEXAS 78701.

GREETING: You are commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable **David Stith, 319th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **First Amended Petition** was filed on the 19th day of November, 2019. A copy of same accompanies this citation.

The file number of said suit being Number:   2019DCV-5479-G

The style of the case is: **Nemo Cay Resort Townhome Association, Inc. vs. Underwriters At Lloyd's, London, Rockhill Insurance Company, Kevin McBride, et al**

Said petition was filed in said court by Craig M. Saucier attorney for Plaintiff, whose address is 1045 Cheever Blvd Ste 103  San Antonio Tx  78216.

The nature of the demand is fully shown by a true and correct copy of the First Amended Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 22nd day of November, 2019.



ANNE LORENTZEN, DISTRICT CLERK
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: *Nadia R. Contreras*, Deputy
Nadia Contreras

# RETURN OF SERVICE

| | | |
|---|---|---|
| 2019DCV-5479-G | NEMO CAY RESORT TOWNHOME ASSOCIATION, INC. VS. UNDERWRITERS AT LLOYD'S, LONDON, ROCKHILL INSURANCE COMPANY, KEVIN MCBRIDE, ET AL | 319TH DISTRICT COURT |

Name
_____

**ADDRESS FOR SERVICE**
Rockhill Insurance Company
700 W. 47th Street, Suite 350, Kansas City, MO 64112

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ___. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Notice of Petition to Suspend License with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:
_____
and the cause of failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

| | | |
|---|---|---|
| Fees: | _____, | Officer |
| Serving Petition and Copy $ _____ | _____, | County, Texas |
| Total $ _____ | By _____, | Deputy |

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
        (First, Middle, Last)
address is _____ .
        (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

**Certified Mail Fee**

$

**Extra Services & Fees** *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ _____
- ☐ Return Receipt (electronic) $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark Here

**Postage**

$

**Total**

$

**Sent To** Rockhill Insurance Company
C/O Commissioner of Insurance

**Street** 333 Guadalupe Street, MC 113-2A
PO Box 149104

**City, S** Austin, Texas 78714-9104

7019 0700 0000 8372 1052

Filed
11/19/2019 4:59 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-5479-G

| | | |
|---|---|---|
| NEMO CAY RESORT TOWNHOME ASSOCIATION, INC. | § § § | IN THE DISTRICT COURT |
| V. | § § § | 319th JUDICIAL DISTRICT |
| UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CONTRACT CTW001033, SAFETY SPECIALTY INSURANCE COMPANY SUBSCRIBING TO CONTRACT CTW001033, ROCKHILL INSURANCE COMPANY SUBSCRIBING TO CONTRACT CTW001033, and KEVIN MCBRIDE | § § § § § § § § § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE:

NOW COMES PLAINTIFF, NEMO CAY RESORT TOWNHOME ASSOCIATION, INC. ("Plaintiff"), and files its First Amended Original Petition complaining of Defendants, UNDERWRITERS AT LLOYD'S, LONDON subscribing to Contract CTW001033, SAFETY SPECIALTY INSURANCE COMPANY subscribing to Contract CTW001033, ROCKHILL INSURANCE COMPANY subscribing to Contract CTW001033 (collectively, "Insurers"), and KEVIN MCBRIDE ("McBride") (collectively, "Defendants") and for cause of action would respectfully show the Court the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order discovery be conducted in accordance with a discovery control plan tailored to this particular suit.

1

## B. PARTIES

2. Plaintiff, NEMO CAY RESORT TOWNHOME ASSOCIATION, INC., is a property owners association located in Nueces County, Texas.

3. Defendant, **UNDERWRITERS AT LLOYD'S, LONDON** is a surplus lines foreign corporation, authorized to engage in the insurance business in the State of Texas, subscribing to Contract number CTW001033, i.e., Plaintiff's insurance policy. This Defendant may be served by serving the **Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, MC 113-2A, PO Box 149104, Austin, Texas 78714-9104,** <u>WHO SHALL THEN SERVE</u> **Mendes & Mount, LLP, 750 Seventh Ave., New York, NY 10019-6829.** Service is requested by certified mail, return receipt requested at this time for **both** Citations to the Commissioner of Insurance and Mendes & Mount, LLP. In addition, BOTH CITATIONS SHOULD CONTAIN THE NAME OF THE DEFENDANT, UNDERWRITERS AT LLOYD'S, LONDON.

4. Defendant, **ROCKHILL INSURANCE COMPANY** is a surplus lines foreign company, authorized to engage in the insurance business in the State of Texas, subscribing to Contract number CTW001033, i.e., Plaintiff's insurance policy. This Defendant may be served by serving the **Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, MC 113-2A, PO Box 149104, Austin, Texas 78714-9104,** <u>WHO SHALL THEN SERVE</u> **General Counsel of Rockhill Insurance Company, 700 W. 47th Street, Suite 350, Kansas City, MO 64112.** Service is requested by certified mail, return receipt requested at this time for **both** Citations to the Commissioner of Insurance and General Counsel of Rockhill Insurance Company. In addition, BOTH CITATIONS SHOULD CONTAIN THE NAME OF THE DEFENDANT, ROCKHILL INSURANCE COMPANY.

5. Defendant, **KEVIN MCBRIDE** is an adjuster, licensed to adjust claims in the state of Texas and can be served at his business address of 300 Crescent Cir., Suite 600, Dallas, TX 75201.

6. Defendant, **SAFETY SPECIALTY INSURANCE COMPANY**, is a surplus lines foreign company, authorized to engage in the insurance business in the State of Texas. This Defendant may be served by serving the **Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, MC 113-2A, PO Box 149104, Austin, Texas 78714-9104**, WHO SHALL THEN SERVE **General Counsel of Safety Specialty Insurance Company, 1832 Schuetz Road, St. Louis, MO 63146-3540.** Service is requested by certified mail, return receipt requested at this time for **both** Citations to the Commissioner of Insurance and General Counsel of Safety Specialty Insurance Company. In addition, BOTH CITATIONS SHOULD CONTAIN THE NAME OF THE DEFENDANT, SAFETY SPECIALTY INSURANCE COMPANY.

## C. JURISDICTION AND VENUE

7. This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief over $1,000,000.00.

8. Venue is mandatory and proper in Nueces County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county, and the insured property that is the basis of this lawsuit is also located in Nueces County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

## D. CONDITIONS PRECEDENT

9. All conditions precedent to recovery have been performed, waived, or have occurred.

## E. AGENCY AND *RESPONDENT SUPERIOR*

10. Whenever in this petition it is alleged that Defendants did any act or omission, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives

3

did such act or omission, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## F. FACTS

11. On August 25, 2017, Hurricane Harvey struck the Texas Gulf Coast causing substantial property damage including to Plaintiff's townhomes located at 14945 S. Padre Island Dr., Corpus Christi, Texas 78418. On or about August 30, 2017, Plaintiff submitted a claim to the Insurers against its policy (CTW001033) for extensive covered damages to the townhomes' roofs, exterior elevations, and resulting interior water damage. Plaintiff asked the Insurers to cover the cost to properly repair the severe wind damage to the roofs and exterior elevations, as well as the resulting interior water damage to the townhomes pursuant to the policy and any other available coverage.

12. In an effort to minimize Plaintiff's claim the Insurers assigned the claim to McBride with State Auto Insurance Companies ("State Auto"). The Insurers hired McBride knowing he would perform an inadequate and outcome-oriented investigation in an effort to minimize the covered windstorm damages to Plaintiff's property. McBride initially inspected Plaintiff's property on or about September 7, 2017. Following McBride's inspection, Plaintiff anxiously awaited the Insurers' repair estimate and payment to begin repairs to its property. However, McBride did not complete his original estimate until over a month later, on October 11, 2017.

13. McBride then waited an additional three (3) weeks before emailing Plaintiff a copy of his estimate and demanding Plaintiff execute a Proof of Loss based on McBride's outcome-oriented investigation before Defendants would send payment for Plaintiff's claim. McBride and Defendants improperly conditioned the tender of Plaintiff's insurance benefits upon Plaintiff swearing under oath that Defendants properly adjusted the claim on November 2, 2017.

4

Defendants' demand for Plaintiff to execute a Proof of Loss based on Defendants' unfair adjustment was an attempt to enforce a full and final release of Plaintiff's claim when only a partial payment had been made on an undisputed claim. Plaintiff was forced to wait an additional two months for the Insurers to finally issue payment on December 22, 2017.

14. Upon receipt of the Defendants' repair estimate and the Insurers' payment, Plaintiff realized McBride had performed an inadequate investigation and prepared a low-ball repair estimate that clearly omitted extensive windstorm damages to its townhomes. By doing so, McBride knowingly misrepresented the full scope of the covered windstorm damages caused by Hurricane Harvey and misrepresented the true cost to properly restore Plaintiff's property to its pre-loss condition. More particularly, McBride misrepresented the cost to properly repair Plaintiff's townhomes' roofs, exterior elevations, and resulting interior water damage.

15. McBride knew the Insurers would significantly underpay Plaintiff's claim based on his insufficient inspection and repair estimate, but submitted the low-ball estimate anyway, with the intention of minimizing the Insurers' liability to Plaintiff. As planned, the Insurers ratified McBride's wrongful conduct and significantly underpaid Plaintiff's claim. As a result, Plaintiff was unable to properly repair its townhomes, which caused a great deal of stress and frustration to its members.

16. Because the Insurers significantly underpaid the claim, Plaintiff was unable to make the proper repairs to the covered damages to the insured property.

### G. CAUSES OF ACTION

**1. Breach of Contract**

17. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

5

18. According to the insurance policy Plaintiff purchased, the Insurers have the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy resulting from a hurricane. As a result of the storm and/or ensuing losses from the storm, both of which are covered perils under Plaintiff's policy, Plaintiff's property was damaged.

19. The Insurers failed to perform their contractual duty to adequately and timely compensate Plaintiff under the terms of its policy. Specifically, the Insurers breached the insurance policy by failing to properly and timely investigate and estimate the claim and then by delaying payment of the claim for as long as possible. The Insurers' conduct constitutes a breach of the insurance contract between the Insurers and Plaintiff and such breach caused Plaintiff's damages.

## 2. Violations of Section 542 of the Texas Insurance Code

20. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

21. The Insurers' acts, omissions, failures, and conduct described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after receipt of either actual or written notice of Plaintiff's claim, the Insurers did not request from Plaintiff any items, statements, or forms it reasonably believed, at that time, would be required from Plaintiff for its claim. As a result, the Insurers have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe and by failing to pay Plaintiff's claim within the applicable statutory period. More particularly, the Insurers violated the following provisions of Section 542 of the Texas Insurance Code:

   a. The Insurers and McBride failed to meet their obligations under the Texas Insurance Code regarding timely requesting all information reasonably necessary

to investigate Plaintiff's claim within the statutorily mandated deadline. Specifically, the Insurers failed to request a proof of loss from Plaintiff within thirty (30) business days of receiving notice of the claim. Instead, the Insurers waited sixty-four (64) days, i.e., forty-four (44) business days since receiving notice of the claim, before requesting Plaintiff execute a sworn proof of loss based on Defendants' unfair adjustment. As such, the investigation was in no way timely. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

b. The Insurers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated deadline of receiving all necessary information. The claim was made on August 30, 2017. Defendants had all information necessary to secure final proof of loss on October 11, 2017, the date of McBride's original repair estimate, which is virtually identical to his November 2, 2017 final repair estimate. Thus, Defendants were required to notify Plaintiff if its claim was accepted or rejected within fifteen (15) business days, i.e., November 1, 2017. However, Plaintiff did not receive notice its claim was accepted until November 2, 2017 and did not receive payment until the last week of December 2017. The Insurers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

c. The Insurers failed to meet their obligations under the Texas Insurance Code by failing to timely pay Plaintiff's claim in full. Specifically, Defendants' November 2, 2017, email indicated Plaintiff's claim was accepted. The Insurers were required to pay the claim within twenty (20) business days of notifying Plaintiff its claim

7

was accepted, i.e., December 4, 2017. However, the Insurers failed to issue payment until December 22, 2017. Further, Plaintiff has yet to receive an amount sufficient to restore Plaintiff's townhomes to their pre-loss condition. The Insurers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.057.

d. The Insurers failed to meet their obligations under the Texas Insurance Code by delaying full payment of Plaintiff's claim. Specifically, the Insurers failed to properly pay Plaintiff's claim in full within sixty (60) days of the Insurers' receipt of all information necessary to secure final proof of loss. To date, Plaintiff's claim has not been properly paid in full. The Insurers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

21. Additionally, if it is determined the Insurers owe Plaintiff any additional monies, the Insurers have automatically violated Section 542 in this case.

**3. Unfair Insurance Practice**

23. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

24. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, the Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus the Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim. More specifically, the Defendants are guilty of the following unfair insurance practices:

a) Defendants misrepresented to Plaintiff that all the damages to its property were not

  covered under its insurance policy, even though the damage was caused by a covered occurrence. More particularly, McBride misrepresented the cost to properly repair Plaintiff's roofs, exterior elevations, and resulting interior water damage to the townhomes. Defendants wrongfully underpaid Plaintiff's claim and Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1);

b) Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of the Insurers' liability to Plaintiff under its policy. More particularly, Defendants misrepresented the cost to properly repair Plaintiff's roofs, exterior elevations, and resulting interior water damage to the townhomes. Not only did the Insurers initially grossly underpay Plaintiff's claim, but the Insurers and McBride unreasonably delayed payment almost four (4) months from the time Plaintiff timely made the claim. Defendants wrongfully denied the full covered damages and Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A);

c) Defendants failed to explain to Plaintiff the reasons for offering inadequate funds to resolve the claim. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation of why payment was not being made for its full covered loss and why McBride was not providing an accurate estimate of all the covered storm damage to its townhomes. Furthermore, Defendants did not indicate any future settlements or payments would be forthcoming to pay the losses covered under Plaintiff's policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation

of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3);

d) Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, despite Plaintiff promptly reporting its Hurricane Harvey claim, Plaintiff did not receive timely indication in writing of acceptance or rejection regarding the full and entire claim from the Insurers and McBride. In fact, Defendants unreasonably delayed paying Plaintiff's claim for almost four (4) months from the time the claim was reported. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4);

e) Defendants undertook to enforce a full and final release of Plaintiff's undisputed claim when only partial payment was offered by improperly conditioning payment of Plaintiff's claim on the execution of a sworn proof of loss drafted by Defendants that conformed to Defendants' claim adjustment. Defendants' conduct constitutes a violation of Texas Insurance Code § 542.060(a)(6); and

f) Defendants failed to conduct a reasonable investigation and refused to fully compensate Plaintiff under the terms of Plaintiff's policy. Specifically, McBride did not thoroughly investigate Plaintiff's claim as demonstrated by the substantial amount of damages he missed, delays to adjust the claim, and delays in paying the undisputed portion of the claim. Because of Defendants' inadequate investigation and misrepresentations of the scope of covered damages, Defendants wrongfully delayed, underpaid, and denied a significant portion of Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

25. Defendants also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct has resulted in Plaintiff's damages described in this petition.

26. Further, all of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

### 4. Violations of the DTPA

27. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

28. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the Texas Deceptive Trade Practice Act (DTPA), and Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Defendants' violations of the DTPA include, without limitation, the following matters:

   a) By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46(b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation: (1) their unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay an amount that would put Plaintiff to its pre-loss condition.

   b) The Insurers represented to Plaintiff the insurance policy and claims adjusting services had characteristics or benefits they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

c) The Insurers represented to Plaintiff its insurance policy and claims adjusting services were of a particular standard, quality, or grade when they were actually of another, in violation of Section 17.46(b)(7) of the DTPA;

d) The Insurers advertised the insurance policy and claims adjusting services with intent to not sell them as advertised, in violation of Section 17.46(b)(9) of the DTPA;

e) The Insurers represented to Plaintiff its insurance policy and adjusting and investigative services conferred or involved rights, remedies, or obligations they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

f) The Insurers failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

g) The Insurers have breached an express warranty that the damage caused by a hurricane would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

h) The Insurers' actions are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience regarding the adjustment of storm damage claim to a grossly unfair degree. The Insurers' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

i) Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

29. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages described in this petition. The above-described acts, omissions, and failures of Defendants were also done knowingly and intentionally as those terms are defined in the DTPA.

**5. Breach of Duty of Good Faith and Fair Dealing**

30. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

31. From and after the time Plaintiff's claim was presented to the Insurers, the liability of the Insurers to pay the full claim in accordance with the terms of Plaintiff's policy was reasonably clear. However, by their acts, omissions, failures, and conduct, the Insurers have breached their common law duty of good faith and fair dealing. The Insurers failed to reasonably investigate Plaintiff's claim and made numerous misrepresentations regarding the progress and status of the claim. The Insurers also breached their duty by unreasonably delaying full payment of Plaintiff's entire claim. To date, Plaintiff's claim has not been properly paid. Defendants knew or should have known it was reasonably clear the entire claim was covered; yet the Insurers delayed payment and misrepresented the extent of damage and cost of repairs to minimize the Insurer's liability on the claim.

32. Defendants' acts, omissions, failures, and conduct are a proximate cause of Plaintiff's damages.

### H. WAIVER AND ESTOPPEL

33. Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## I. DAMAGES

34. Defendants' acts, omissions, failures, and conduct have caused Plaintiff's damages which include, without limitation, the cost to fully and properly repair the exterior and interior of Plaintiff's property, the investigative fees incurred during the course of this claim, and other additional expenses associated with damage caused Hurricane Harvey. Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract, as well as an 10% per annum penalty on that claim against Defendants as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## J. ADDITIONAL DAMAGES

35. Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages authorized by Section 541 of the Texas Insurance Code.

## K. EXEMPLARY DAMAGES

36. The Insurers' breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks recovery of exemplary damages in an amount determined by the finder of fact to be sufficient to punish the

Insurers for their wrongful conduct and to deter Defendants and others similarly situated from committing similar acts in the future.

## L. ATTORNEYS' FEES

37. As a result of Defendants' conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## M. JURY DEMAND

38. Plaintiff asserts its right to a trial by jury, pursuant to Rule 216 of the Texas Rules of Civil Procedures and tender the fee of $40.00, as required by Texas Government Code Section 51.604.

## N. PRAYER

FOR THESE REASONS, Plaintiff prays Defendants be cited to appear and answer therein, and that upon trial, Plaintiff recover sums that would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff request the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**SAUCIER & SMAISTRLA PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78216
Telephone:    (210) 901-8112
Telecopier:   (210) 338-8916
Email:         craig@s2lawfirm.com

By: _____
CRAIG M. SAUCIER
State Bar No. 24041869


**PENNEBAKER LAW FIRM**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:    (210) 562-2888
Telecopier:   (210) 562-2880
Email: doug@pennebakerlaw.com

By:_____
DOUGLAS E. PENNEBAKER
State Bar No. 00788178


**ANDERSON ALEXANDER, PLLC**

*/s/ Austin W. Anderson*
Austin W. Anderson
State Bar Number 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: 361-452-1279
Facsimile: 361-452-1284

ATTORNEYS FOR PLAINTIFF,
NEMO CAY TOWNHOME ASSOC.

16